IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BMO HARRIS BANK N.A., a national banking association

        Plaintiff,

v.

WILLIAM MARSH and LINDA MARSH,
individual residents and citizens of Colorado

        Defendant.

## COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants, William Marsh and Linda Marsh, as follows:

### THE PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois.

2. Defendant, William Marsh ("William"), is an individual citizen of the state of Colorado, residing at 2597 Music Lane, Grand Junction, Colorado.

3. Defendant, Linda Marsh ("Linda," and with William, the "Defendants"), is an individual citizen of the state of Colorado, residing at 2597 Music Lane, Grand Junction, Colorado.

### JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

{00370372.DOCX / 1}

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. The defendants reside within that geographical area known as the District of Colorado. Further, the events alleged in this complaint took place within said District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**The Agreements**

9. On or about June 25, 2015, non-party GE Capital Commercial, Inc. ("GECCI") and non-party Marsh Trucking, LLC ("Borrower") entered into Loan and Security Agreement No. 9819799-001 (the "First Loan Agreement"), whereby GECCI agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business, and Borrower agreed to pay GECCI $239,884.80, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Loan Agreement, together with any amendments or modifications thereto, is attached as **Exhibit A** hereto.

10. On or about October 30, 2015, non-party Transportation Truck and Trailer Solutions, LLC ("TTTS") and Borrower entered into Loan and Security Agreement No. 7975560-001 (the "Second Loan Agreement," and together with the First Loan Agreement, the "Agreements"), whereby TTTS agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business, and Borrower agreed to pay TTTS $155,861.00, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Loan Agreement, together with any amendments or modifications thereto, is attached as **Exhibit B** hereto.

11. To induce GECCI and TTTS (together, "GE Capital") to enter into the Agreements, the Defendants guaranteed the full and timely performance of Borrower, in all of its

{00370372.DOCX / 1}

past, present, and future obligations, as they may be amended from time to time, to GE Capital and its successors-in-interest (the "Guaranties"). A true and correct copy of the Continuing Guaranties executed by the Defendants in favor of GE Capital dated October 30, 2015 is attached as **Exhibit C** hereto.

12. As consideration for entering into the Agreements, Borrower granted GECCI and TTTS, respectively, a security interest in the equipment described in the Agreements (collectively, the "Collateral").

13. Effective December 1, 2015, GE Capital, transferred and assigned to Plaintiff all of its rights, titles, and interests in and to its accounts with Defendants, including, without limitation, the Agreements, the Guaranties, and GE Capital's security interests in the Collateral. As such, Plaintiff is GE Capital's successor-in-interest with respect to all of its rights, claims, and interests related to Defendants with respect to this action. True and correct copies of the Transfer Acknowledgements evidencing the assignments from GE Capital to Plaintiff are attached as **Exhibit D** hereto.

14. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default.

**Default by Defendants**

15. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

16. More specifically, Borrower failed to make the February 1, 2016 payments due under the Agreements, and failed to make all payments due under each of the Agreements subsequent to this date. In addition, on February 9, 2016, Borrower filed a petition for relief under chapter 11 of title 11 of the United States Code in the U.S. Bankruptcy Court for the District of Colorado, as Case No. 16-10980-EEB, which case has been subsequently dismissed.

{00370372.DOCX / 1}

17. A default of the Borrower under the Agreements is a default of the Guarantors under the Guaranties.

18. Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated. The principal amount due and owing after acceleration totaled not less than $309,884.33 as of the date of default.

19. Despite demand, Borrower has failed and refused to pay the amount due and owing under the Agreements.

20. Despite demand, Guarantors have failed and refused to pay the amount due and owing under the Agreements and the Guaranties.

21. Under the Agreements, Borrower is obligated to pay interest on all unpaid amounts at the default interest rate of eighteen percent (18%) per annum or the maximum rate not prohibited by applicable law.

22. Under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

23. Under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

24. Under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

25. Under the Guaranties, the Defendants are obligated to pay Plaintiff all amounts due under the Agreements.

26. Under the Agreements, Plaintiff has the right to, with or without demand or notice, enter any premises where the Collateral may be and take possession of and remove them from the premises.

{00370372.DOCX / 1}

27. Prior to the filing of this lawsuit, Plaintiff recovered possession of the Collateral.

28. Subsequent to taking possession of the Collateral, Plaintiff sold the same in a commercially reasonable manner and applied the net proceeds to the amounts due under the Agreements. Following Plaintiff's disposition of the Collateral, the principal amount due and owing under the Agreements was an amount not less than $246,363.56.

29. Calculated as of October 12, 2016, the amount due and owing under the Agreements and the Guaranties, not including attorneys' fees and expenses or costs of collection, is an amount not less than $250,921.42.

30. The Agreements and the Guaranties expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

31. Plaintiff and its predecessors-in-interest have performed any and all conditions and obligations required of them under the Agreements and the Guaranties.

## COUNT I - Breach of Contract

32. Plaintiff incorporates and re-alleges all preceding paragraphs in this Count I.

33. Plaintiff has performed all terms and conditions of the Agreements and the Guaranties to be performed by Plaintiff.

34. The Defendants have not performed under the Guaranties by, among other reasons, failing to make payments under the Agreements and Guaranties when those payments became due.

35. Under the Agreements and the Guaranties, Plaintiff is entitled to contractual money damages from the Defendants as provided therein.

{00370372.DOCX / 1}

36. The Agreements and the Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against the Defendants, jointly and severally, in the amount due under the Agreements and the Guaranties, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated: January 13, 2017                                        Respectfully Submitted,


                                                               *s/ Charles E. Fuller*
                                                               Erich L. Bethke (Colo. Bar #17299)
                                                               Charles E. Fuller (Colo. Bar #43923)
                                                               SENN VISCIANO CANGES P.C.
                                                               1700 Lincoln Street, Suite 4500
                                                               Denver, Colorado 80203
                                                               Telephone: (303) 298-1122
                                                               Facsimile: (303) 296-9101
                                                               EBethke@sennlaw.com
                                                               CFuller@sennlaw.com

                                                               *Counsel for BMO Harris Bank N.A.*


Plaintiff's Address:
111 W. Monroe Street
Chicago, Illinois  60603

{00370372.DOCX / 1}